**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **FRANK W. KERR COMPANY,** | ) Case No. 16-51724 |
| | ) |
| Debtor. | ) |
| | ) Judge Maria L. Oxholm |
| | ) |
| | ) |

## APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY MCDONALD HOPKINS LLC AS COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court (this "Application") for the entry of an order authorizing the retention and employment of McDonald Hopkins PLC ("McDonald Hopkins") as counsel for the Debtor, *nunc pro tunc* to the Petition Date (defined below), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtor relies on the Disclosure of Compensation and Verified Statement of Stephen M. Gross in Support of Debtor's Application for Authority to Retain and Employ McDonald Hopkins LLC as Counsel for the Debtor, *Nunc Pro Tunc* to the Petition Date (the "Verified Statement"), attached hereto as Exhibit B.

In further support of this Application, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On August 23, 2016 (the "Petition Date"), certain unsecured creditors filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor (the "Case").  On September 20, 2016 (the "Relief Order Date"), the Debtor consented to the entry of an order for relief and converted the chapter 7 case to a chapter 11 case.  Since the Relief Order Date, the Debtor has remained in possession of its assets and has continued to manage its business as debtor-in-possession pursuant to .sections 1107 and 1108 of the Code.  To date, no official committee of unsecured creditors has been appointed, but an informal ad hoc committee of unsecured creditors was formed prior to the Petition Date.

3.      In May 2016, the Debtor engaged Conway MacKenzie Management Services, LLC ("CM") to assist it with cash flow issues and the Debtor soon thereafter advised its lenders, J.P. Morgan Chase Bank, N.A. and Comerica Bank, that the Debtor was in default under the terms of its Credit Agreement.

4.    On June 2, 2016, the Debtor appointed Jeffrey Tischler of CM as its Chief Restructuring Officer and commenced a wind-down of its operations.

5.    Detailed facts about the Debtor and the reasons for the commencement of its chapter 11 case are set forth in the *Affidavit and Statement of Jeffrey K. Tischler in Support of Chapter 11 Petition and First Day Motions*, filed contemporaneously herewith (the "Tischler Affidavit").[1]

6.    Subsequently, on September 2016, the Debtor and McDonald Hopkins executed that certain Amended Engagement Agreement, setting forth the terms pursuant to which McDonald Hopkins would represent Debtor in connection with this Case (attached hereto as Exhibit C, the "Agreement").

7.    BillNat Corporation ("BillNat"), Debtor's wholly owned subsidiary, as well as Debtor's affiliate NoviXus, LLC ("Novixus") also engaged McDonald Hopkins in May 2016 to perform similar services for BillNat and Novixus and McDonald Hopkins continues to be employed as the restructuring counsel for each of BillNat and Novixus as of the date of this Application.

8.    BillNat and Novixus are also co-obligors of the obligations owed to Lenders under the Credit Agreement pursuant to certain joinder agreements. Debtor is also the largest creditor of both BillNat and Novixus representing more than 90% of

each company's creditor obligations outside of the obligations of each to Lenders. Therefore, Debtor submits that the McDonald Hopkins' employment by BillNat and Novixus are complimentary to Debtor rather than in conflict as the McDonald Hopkins has been advising and assisting in maximizing values of all entities, which will inure to the benefit of Debtor and its creditors.

## Relief Requested

9.     By this Application, the Debtor requests authority to retain and employ McDonald Hopkins, *nunc pro tunc* to the Petition Date, as counsel in the Debtor's chapter 11 Case.

## Basis for Relief

10.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession's] duties under this title.

11 U.S.C. § 327(a).

11.     Rule 2014 of the Bankruptcy Rules requires that an application for retention include:

---

(cont'd)

1 Capitalized but undefined terms shall have the meanings set forth in the Tischler

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. Proc. 2014.

12.     The Debtor requests that such retention be ordered effective as of the Petition Date.  McDonald Hopkins has commenced immediate and comprehensive services in connection with the Debtor's chapter 11 Case, and it would be unfair to authorize retention effective as of the date of entry of a retention order.  Moreover, in light of the fact that this Application was filed on the Relief Order Date — putting all parties on notice of McDonald Hopkins' role — no party in interest would be prejudiced by *nunc pro tunc* retention.

## Necessity and Qualifications

13.     McDonald Hopkins is a full-service law firm of over 140 attorneys with offices in Cleveland, Chicago, Columbus, Detroit, Miami, and West Palm Beach.  McDonald Hopkins' principal office is located in Cleveland, Ohio.  McDonald Hopkins and the members of its Business Restructuring Services Department have

---

(cont'd)
Affidavit.

represented debtors in numerous chapter 11 proceedings, including the following, over the last few years: <u>In re Coshocton County Memorial Hospital Association</u>, No. 16-51552 (Bankr. N.D. Ohio June 30, 2016); <u>In re Gulf Chemical & Metallurgical Corporation, et al</u>, No. 16-22192-JAD (Bankr. W.D. Pa. June 14, 2016); <u>In re Timothy Place, NFP, et al.</u>, No. 16-01336 (Bankr. N.D. Ill. Jan. 17, 2016); <u>In re Wings of Medina Liquidation, et al.</u>, No. 15-52722 (Bankr. N.D. Ohio Nov. 16, 2015); <u>In re Lee Steel Corp., et al.</u>, No. 15-45784 (Bankr. E.D. Mich. Apr. 13, 2015); <u>In re Victor Oolitic Stone Company, et al.</u>, No. 13-10311 (Bankr. D. Del, February 17, 2014); <u>In re The Antioch Company, LLC</u>, No. 13-41898 (Bankr. D. Minn., April 16, 2013); <u>In re South Franklin Circle</u>, No. 12-17804 (Bankr. N.D. Ohio, October 24, 2012); <u>In re Willard Rental Properties</u>, LLC, et al, No. 12-61724 (Bankr. N.D. Ohio, June 19, 2012); and <u>In re Community Memorial Hospital dba Cheboygan Memorial Hospital</u>, No. 12-20666 (Bankr. E.D. Mich., March 1, 2012).

14.     Because of McDonald Hopkins' expertise in bankruptcy and restructuring matters, the Debtor selected McDonald Hopkins to serve as its bankruptcy counsel. The Debtor requires experienced and knowledgeable counsel to render essential professional services.  In addition to its bankruptcy and restructuring services, McDonald Hopkins has substantial general business, healthcare, mergers and acquisitions, labor, employee benefits, and litigation expertise, and is well qualified to perform these services and represent the Debtor's interest in its chapter 11 case.

15. As set forth above, McDonald Hopkins began representing the Debtor in May 2016 with respect to a potential restructuring, investigating both in and out of court restructuring options. In preparing to represent the Debtor in this proceeding, McDonald Hopkins has become very familiar with the Debtor's business and the various issues that the Debtor has faced in the months preceding the filing of the chapter 11 Case.

## Services to Be Rendered

16. The Debtor contemplates that McDonald Hopkins will render general legal services to the Debtor as needed throughout the course of the chapter 11 case, including, but not limited to: (i) filing pleadings in and monitoring of the Debtor's chapter 11 Case; (ii) advising the Debtor of its obligations and duties as a debtor in possession; (iii) executing the Debtor's decisions by filing with the Court motions, objections, and other relevant documents; (iv) appearing before the Court on all matters in this case relevant to the interests of the Debtor; (v) assisting the Debtor in the administration of the chapter 11 Case; and (vi) taking such other actions as are necessary to protect the rights of the Debtor's estate.

## Compensation

17. Subject to the Court's approval and in accordance with section 330(a) of the Bankruptcy Code, McDonald Hopkins will charge the Debtor for legal services on an hourly basis in accordance with McDonald Hopkins' ordinary and customary hourly

rates, as they may change from time to time, in effect on the date that such services are rendered, plus reimbursement of actual and necessary out-of-pocket expenses incurred by McDonald Hopkins. The current hourly rates charged by McDonald Hopkins for professionals and paraprofessionals are as follows:

| Billing Category | Range |
|---|---|
| Members | $365 - $750 |
| Of Counsel | $310 - $725 |
| Associates | $210 - $410 |
| Paralegals | $180 - $275 |
| Law Clerks | $ 40 - $150 |

These hourly rates are subject to periodic adjustments.

18.     Stephen M. Gross ($695/hour rate), a member, Jayson B. Ruff ($375/hour rate), an associate, and Maria G. Carr ($250/hour rate), an associate, are expected to have the primary responsibility for providing services to the Debtor. In addition, from time to time, other McDonald Hopkins professionals and paraprofessionals will provide services to the Debtor.

19.     McDonald Hopkins will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services by category and nature of services rendered.

20.     McDonald Hopkins will submit interim and final applications for compensation and any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United

States Bankruptcy Court of the Eastern District of Michigan (the "Local Rules"), and any relevant order of this Court.

21.     To the best of the Debtor's knowledge, information, and belief, no promises have been received by McDonald Hopkins or by any member, counsel, or associate thereof, as to compensation in connection with the Debtor's case other than in accordance with the provisions of the Bankruptcy Code.  To the best of the Debtor's knowledge, information, and belief, McDonald Hopkins has no agreement with any other entity to share with such entity compensation received by McDonald Hopkins in connection with the Debtor's chapter 11 case.

22.     Since McDonald Hopkins' retention by Debtor in May 2016 through the Relief Order Date, the Debtor paid McDonald Hopkins a total of $666,870.88.  Such funds were used to pay for, among other things, services performed by McDonald Hopkins in evaluating restructuring options, pursuing potential out-of-court alternatives, and in contemplation and preparation of the Debtor's consenting to the bankruptcy Case.   Prior to the filing of its chapter 11 Case, the Debtor provided to McDonald Hopkins a retainer in the aggregate amount of approximately $50,000.00 (this amount is not included in total amount above which McDonald Hopkins has received to date).  As of the Relief Order Date, $50,000.00 of the retainer remains unapplied. McDonald Hopkins intends to hold the Retainer until further application of such retainer is approved by the Court.

23.     McDonald Hopkins' hourly rates are set at a level designed to compensate McDonald Hopkins fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates, disclosed at current amounts in the Verified Statement, are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first McDonald Hopkins fee application following such adjustments) and are consistent with the rates charged elsewhere.  McDonald Hopkins represented the Debtor during the approximately four month period before the Relief Order Date.  Other than the periodic adjustments described above, McDonald Hopkins' hourly rates and financial terms of the prepetition engagement are consistent with the hourly rates and financial terms of the engagement proposed herein.

24.     McDonald Hopkins and the Debtor have not agreed to any variations from, or alternatives to, McDonald Hopkins' standard billing arrangements for the Debtor's chapter 11 Case.  None of the professionals included in this engagement will vary their rate charged to the Debtor based on the geographic location of the Debtor's chapter 11 Case.

25.     Consistent with McDonald Hopkins' policy with respect to its other clients, McDonald Hopkins will continue to charge the Debtor for all services provided and for other charges and disbursements incurred in the rendition of services.  It is

McDonald Hopkins' policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also McDonald Hopkins' policy to charge its clients only the amount actually incurred by McDonald Hopkins in connection with such items.

26. Except as disclosed herein, to the best of the Debtor's knowledge, information and belief, McDonald Hopkins: (a) does not have any connection with the Debtor, this Court, the United States trustee, any person employed in the Office of the United States Trustee, or its respective attorneys and accountants, except as set forth in the attached Verified Statement; (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and (c) does not hold any interest materially adverse to the Debtor or Debtor's estate.

27. McDonald Hopkins has searched its computerized client database and has determined that it has represented or represents certain of the Debtor's creditors or other parties in interest in this case, but such representation is in matters wholly unrelated to the Debtor's chapter 11 Case. See Verified Statement and the Schedules attached thereto. McDonald Hopkins does not represent, to its knowledge, any of the Debtor's creditors or other significant parties in interest in the bankruptcy case in matters related to the Debtor.

28.     McDonald Hopkins will periodically review its files during the pendency of the chapter 11 Case to ensure no conflicts arise or other disqualifying circumstances exist or arise.  Should any relevant facts or relationships be discovered, McDonald Hopkins will take all reasonable efforts to identify such further developments and, as required by Bankruptcy Rule 2014(a), promptly file a supplemental declaration.

29.     It is the policy of McDonald Hopkins to disclose clients in the capacity that they first appear in a conflicts search.  Should a client, in a subsequent conflicts search, appear in a different capacity, McDonald Hopkins will not disclose the client again in any supplemental declarations, unless the circumstances are such that the latter capacity requires further disclosure.

## Notice

30.     No trustee, examiner or official committee has been appointed in this chapter 11 case.  Notice of this Application has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Eastern District of Michigan; (ii) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Debtor's prepetition secured lenders; (iv) the Debtor's state, local, and federal taxing authorities; and (v) the Ad Hoc Committee.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## No Prior Request

31.    No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A:  (i) authorizing the Debtor to retain and employ McDonald Hopkins, *nunc pro tunc* to the Petition Date, to represent the Debtor as counsel in the chapter 11 Case pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014; and (ii) granting such other and further relief as the Court may deem proper.

Dated: September 21, 2016        Respectfully submitted,

FRANK W. KERR COMPANY

Jeffrey K. Tischler
Chief Restructuring Officer

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FRANK W. KERR COMPANY, | ) Case No. 16-51724 |
|  | ) |
| Debtor. | ) |
|  | ) Judge Maria L. Oxholm |
|  | ) |
|  | ) |

## ORDER AUTHORIZING DEBTOR TO RETAIN AND EMPLOY MCDONALD HOPKINS LLC AS COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

This matter coming before the Court on the Debtor's Application for Authority to Retain and Employ McDonald Hopkins LLC ("McDonald Hopkins") as Counsel for the Debtor, *Nunc Pro Tunc* to the Petition Date, Docket No. __ (the "Application"), filed by the above-captioned debtor and debtor in possession (the "Debtor"). The Court having reviewed the Application and the Disclosure of Compensation and Verified Statement of Stephen M. Gross, attached to the Application as Exhibit B (the "Verified Statement"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 157; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Debtor's chapter 11 case and the Application is proper under 28 U.S.C. § 1408 and § 1409; (d) service and notice of the Application was sufficient under the circumstances; and (e) the legal and

factual bases set forth in the Application and the Verified Statement establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.    The Application shall be, and hereby is, GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to them in the Application and the Verified Statement.

3.    The Debtor is authorized to retain and employ McDonald Hopkins as counsel, *nunc pro tunc* to the Petition Date, to represent the Debtor in its chapter 11 Case, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, and the terms set forth in the Application.

4.    McDonald Hopkins shall be compensated for such services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

5.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRANK W. KERR COMPANY, | ) Case No. 16-51724 |
| | ) |
| Debtor. | ) |
| | ) Judge Maria L. Oxholm |
| | ) |
| | ) |

## DISCLOSURE OF COMPENSATION AND VERIFIED STATEMENT OF STEPHEN M. GROSS IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY MCDONALD HOPKINS LLC AS COUNSEL FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

STEPHEN M. GROSS states as follows:

1.     I am a member of the law firm of McDonald Hopkins LLC ("McDonald Hopkins"), the offices of which are located at 39553 Woodward Avenue, Suite 318, Bloomfield Hills, Michigan 48304. I am a member in good standing of the Bar of Michigan and am admitted to practice before the United States District Court for the Eastern District of Michigan.  I make this Statement: (a) in support of the application for retention of McDonald Hopkins, *nunc pro tunc* to the Petition Date, as counsel for the above-captioned debtor and debtor in possession (the "Debtor"); and (b) in accordance with section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.     McDonald Hopkins is willing to serve as counsel for the Debtor in its chapter 11 case and to accept compensation for professional services rendered and reimbursement of expenses incurred in accordance with the provisions of sections 328, 330, and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the General Orders in effect in this District, and any relevant order of this Court. McDonald Hopkins intends to charge for its legal services in this chapter 11 case in accordance with its usual and customary billing practices. McDonald Hopkins' current hourly rates for its professionals and paraprofessionals are as follows:

| Billing Category | Range |
| --- | --- |
| Members | $365 - $750 |
| Of Counsel | $310 - $725 |
| Associates | $210 - $410 |
| Paralegals | $180 - $275 |
| Law Clerks | $ 40 - $150 |

3.     I have read, understand, and agree to be bound by the Guidelines for Compensation and Expense Reimbursement of Professionals applicable under Local Bankruptcy Rule 2016-1. I will be responsible for the review of any and all fee applications.

4.     McDonald Hopkins' hourly rates are set at a level designed to compensate McDonald Hopkins fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be

reflected in the first McDonald Hopkins fee application following such adjustments) and are consistent with the rates charged in other debtor representations.

5.        Consistent with McDonald Hopkins' policy with respect to its other clients, McDonald Hopkins will continue to charge the Debtor for all services provided and for other charges and disbursements incurred in the rendition of services. It is McDonald Hopkins' policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also McDonald Hopkins' policy to charge its clients only the amount actually incurred by McDonald Hopkins in connection with such items. These charges and disbursements include (without limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings. In addition, McDonald Hopkins utilizes the services of overtime secretaries and bills the Debtor for related overtime secretarial charges. McDonald Hopkins professionals also may charge their overtime meals and overtime transportation to the Debtor consistent with prepetition practices.

6.        McDonald Hopkins has advised the Debtor with respect to restructuring matters since May 2016. Other than the periodic adjustments described above, McDonald Hopkins' hourly rates and financial terms of the prepetition engagement are consistent with the hourly rates and financial terms of the engagement proposed herein.

These hourly rates are consistent with the rates that McDonald Hopkins charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case. McDonald Hopkins and the Debtor have not agreed to any variations from, or alternatives to, McDonald Hopkins' standard billing arrangements for this chapter 11 engagement.

7. I arranged to have McDonald Hopkins' computer database of client matters searched to determine if McDonald Hopkins has or has had any relationship with the Debtor's officers and directors, the Debtor's creditors, the Debtor's other professionals, the Debtor's secured lenders, and certain other interested parties. The names and entities that McDonald Hopkins searched for conflicts are disclosed on Schedule 1 attached hereto and incorporated herein by reference.

8. Based upon the foregoing search, I have determined that McDonald Hopkins represents or has represented in the past certain secured and unsecured creditors of the Debtor and other parties in interest in matters unrelated to the Debtor, the Debtor's reorganization case, or such entities' claims against the Debtor, as disclosed on Schedule 2 attached hereto.

9. Furthermore, I have determined that: (i) McDonald Hopkins does not represent any party in significant litigation with the Debtor; and (ii) McDonald Hopkins does not represent any creditor of the Debtor in matters relating to the Debtor; provided, however, McDonald Hopkins may in the future represent various creditors of the Debtor and other parties in interest in matters unrelated to the Debtor, the Debtor's

chapter 11 case, or such entities' claims against the Debtor. If that is the case, McDonald Hopkins will supplement its disclosures.

10.     BillNat Corporation ("BillNat"), Debtor's wholly owned subsidiary, as well as Debtor's affiliate NoviXus, LLC ("Novixus") also engaged McDonald Hopkins in May 2016 to perform similar services for BillNat and Novixus and McDonald Hopkins continues to be employed as the restructuring counsel for each of BillNat and Novixus as of the date of this Application.

11.     BillNat and Novixus are also co-obligors of the obligations owed to J.P. Morgan Chase Bank, N.A., as Administrative Agent ("Agent", and its capacity as a Lender, "Chase") for itself and Comerica Bank ("Comerica", and with Chase "Lenders") related to its secured financing agreements with Lenders (the "Credit Agreement") pursuant to certain joinder agreements. Debtor is also the largest creditor of both BillNat and Novixus representing more than 90% each companies' creditor obligations outside of the obligations of each to Lenders. Therefore, McDonal Hopkins believes that McDonald Hopkins' employment by BillNat and Novixus are complimentary to Debtor rather than in conflict as the McDonald Hopkins has been advising and assisting in maximizing values of all entities, which will inure to the benefit of Debtor and its creditors.

12.     Except as noted above, neither I, nor McDonald Hopkins, nor the other members or associates thereof, insofar as I have been able to ascertain, hold or represent an interest adverse to the Debtor or its estate. Insofar as I have been able to

ascertain, other than in connection with the Debtor's chapter 11 Case, McDonald Hopkins has no connection (defined as a professional relationship) with the Debtor's creditors, its respective attorneys or accountants, the United States Trustee, any other person with actual or potential interest in the Debtor's chapter 11 Case, or persons employed thereby, except that, from time to time, McDonald Hopkins may have represented certain of the Debtor's creditors and other parties in interest, or interests adverse to such creditors and other parties in interest, in matters <u>unrelated</u> to the Debtor and its chapter 11 case. Accordingly, McDonald Hopkins is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code.

13. No promises have been received by McDonald Hopkins or any member or associate thereof as to compensation or reimbursement of expenses in connection with the Debtor's chapter 11 case. McDonald Hopkins has no agreement with any other entity to share with such entity any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

14. During the approximately four months prior to September 20, 2016 (the "<u>Relief Order Date</u>"), the Debtor paid McDonald Hopkins a total of $666,870.88. Prior to the its chapter 11 case, the Debtor provided to McDonald Hopkins a retainer in the aggregate amount of $50,000.00 (this amount is not included in total amount above which McDonald Hopkins has received to date). As of the Relief Order Date, $50,000.00 of the retainer remains unapplied. McDonald Hopkins intends to hold such retainer until further application of such retainer is approved by the Court.

15.     The proposed employment of McDonald Hopkins is not prohibited by or improper under Bankruptcy Rule 5002.  McDonald Hopkins and the professionals it employs are qualified to represent the Debtor in the matters for which McDonald Hopkins is proposed to be employed.

16.     McDonald Hopkins intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court and pursuant to any additional procedures that may be established by the Court in this case.

17.     For the reasons set forth above, I and the other attorneys employed by McDonald Hopkins are qualified to act as counsel for the Debtor.  Neither I, nor McDonald Hopkins, nor any member or associate thereof will, while employed by the Debtor, represent in connection with the Debtor's chapter 11 case any other entity holding an interest adverse to the Debtor or its estate.  McDonald Hopkins will, in all likelihood, continue to have professional relationships with certain creditors of the Debtor in matters unrelated to this chapter 11 case.

18.     McDonald Hopkins has instituted and is carrying on further inquiries of its members and associates with respect to the matters contained herein.  McDonald Hopkins will file supplemental statements regarding this retention if any additional relevant information comes to its attention.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of September, 2016.

_____

Stephen M. Gross
Managing Member

# FRANK W. KERR COMPANY

## The Debtor:

Frank W. Kerr Company

## The Debtor's Shareholders Officers and Board of Directors:

- Ann Newman (shareholder, former officer and director)

- William Newman (shareholder, former officer and director)

- Eugene Newman (shareholder)

- Robert Newman (shareholder)

- Richard Grossman (former director)

- Jeffrey Tischler, Chief Restructuring Officer

## The Debtor's Secured Lenders and Parties to UCC Filings:

- JPMorgan Chase Bank, N.A.
- Comerica Bank

## The Debtor's Professionals:

- Conway MacKenzie Management Services, LLC

- McDonald Hopkins PLC

**The Debtor's List of 20 Largest Unsecured Creditors**

- Boehringer Ingelheim

- Actavis Pharma, Inc.

- Astrazeneca LP

- Merck Human Health

- Sanofi-Aventis US LLC

- GlaxoSmithKline

- Apotex Corp

- Phizer Pharm

- Qualitest Pharm Inc.

- Lilly, Eli & Co

- J.O.M. Pharmaceutical

- Teva Pharamaceutical

- Novo Nordisk Inc.

- Abbvie US LLC

- Prosco LLC Generics

- Dr. Reddys Laboratories

- VPNA

- Daiichi Sankyo, Inc.

- Lannett Company, Inc.

- Greenstone LLC

## Litigation Parties:

- KPK Opco, Inc.

- Valeant Pharmaceuticals

**<u>Other Interested Parties:</u>**

- Petitioning Creditors

  - Allergan, PLC,

  - Amneal Pharmaceuticals, LLC,

  - Ascend Laboratories, LLC,

  - Par Pharmaceutical Inc.,

  - Rising Pharmaceuticals, Inc.,

  - Teva Pharmaceuticals USA, Inc., and

  - Boehringer Ingelheim Pharmaceuticals Inc.

## SCHEDULE 2

Clients for which McDonald Hopkins PLC has an open matter unrelated to the bankruptcy case and who are or may be creditors or parties-in-interest or affiliates of creditors or parties-in-interest of the Debtor.

| Person/Entity | Relationship to Debtor | Relationship to McDonald Hopkins |
|---|---|---|

None.

{6310448:6}

**<u>EXHIBIT C</u>**
Engagement



McDonald Hopkins PLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304

P 1.248.646.5070
F 1.248.646.5075

Email: sgross@mcdonaldhopkins.com
Direct Dial: 248.220.1337

September 19, 2016

**VIA E-MAIL**

Frank W. Kerr Company
Attn: Jeffrey K. Tischler
43155 West Nine Mile Road
Novi, MI 48376-8026

RE:     **Amended Engagement Terms with McDonald Hopkins PLC**

Dear Mr. Tischler:

This letter will confirm the agreement between the **Frank W. Kerr Company** (the "Client") and **McDonald Hopkins PLC** (the "Firm") under which the Firm has agreed to represent the Client and amends, supersedes and replaces all prior engagement letters between Firm and Client.

The Client has advised the Firm that the Client is engaged in the businesses of whole sale drug and other product distribution and fulfillment. The Client has further advised the Firm that due to various factors the Client has and is experiencing significant cash flow issues resulting in the Client defaulting under certain of Kerr's loan covenants with JP Morgan Chase ("Chase"), as agent for itself and Comerica Bank ("Comerica", and together with Chase, "Lender"). Additionally, the Client has been pursuing various strategies to restructure its operations to maximize the value of its assets, including seeking the potential sales of portions of its businesses on a going concern basis, the wind-down of other operations and the liquidating of certain other assets (the "Restructuring"). While the Client was pursuing its Restructuring, on August 23, 2016, certain of Client's creditors (the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition, Case No. 16-51724 (the "Bankruptcy") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

The Client has asked the Firm to advise it in regard to consenting to the Bankruptcy under a chapter 11 proceeding, and, if such course of action is taken for the Client, to represent the Client as a debtor and debtor-in-possession and to file the necessary pleadings and stipulations with the Petitioning Creditors in the Bankruptcy Court to allow the client to seek reorganization under chapter 11 of the Bankruptcy Code. The Firm has also agreed to represent Client in negotiating use of cash collateral and/or post-petition financing orders, if necessary; in

{6339506:2}

Chicago  |  Cleveland  |  Columbus  |  Detroit  |  Miami  |  West Palm Beach

www.mcdonaldhopkins.com

negotiating and obtaining court authorization for assumption, modification, or rejection of any of Client's executory contracts and lease agreements; in analyzing claims against Client, and if necessary, objecting to same; representing Client in the sale of all or some of its assets and/or refinancing its obligations to Lender, and in preparing and obtaining confirmation of a plan of reorganization or plan of liquidation of Client.

Prior to consenting to the entry of an order for relief under chapter 11 in the Bankruptcy (a "Relief Order"), the Firm shall send to the Client a weekly invoice and itemization of services performed and expenses incurred during the prior week including a detailed daily description of its time charges and reimbursable expenses. The Client acknowledges and agrees that it will pay to the Firm the amount due on any invoice the Firm submits and that it will pay this amount upon receipt. The Client further agrees that it will pay the Firm a retainer of $50,000.00, prior to consenting to the entry of a Relief Order in the Bankruptcy.

The expenses chargeable may include additional filing fees, if any, subpoena and service of process fees, costs of transcripts, document production and reproduction costs, long-distance and conference telephone calls, expedited mail or delivery services, messenger services, and the costs involved in hiring accountants, actuaries, or appraisers, if necessary.

The Client acknowledges and agrees that it will pay to the Firm the amount due on any invoice the Firm submits and that they will pay this amount upon receipt.

The Client or the Firm has the right to notify the other party of its decision to terminate this agreement at any time.

The Client acknowledges that the Firm has advised the Client that the Firm represents Chase in certain loan matters that are unrelated to the Client. The Firm recognizes that Chase's interests are adverse to the Client and accordingly, the Firm agrees that it will not represent Chase in any matters adverse to the Client.

The Client should consider whether there is a material risk that, as the Client's counsel, the Firm would be less zealous in pursuing the Client's interests due to the Firm's representation of Chase. The Client should also consider whether there is a material risk that Client's confidences or secrets will be used adversely to it due to the conflict. I firmly believe that no such risk of either type exists, due to the unrelated nature of the Firm's work for Chase and the Client. Additionally, I want to point out that, in the course of the Firm's representation of Chase, certain Firm attorneys either have obtained or may obtain confidential information concerning Chase. The Client understands and agrees that the Firm is prohibited from disclosing, to the Client, Chase's confidential information except with the express consent of Chase and thus the Firm shall have no obligation to disclose such information to the Client. Similarly, no confidential information of the Client will be disclosed to Chase without the Client's express consent. The Firm in turn understands and agrees that no attorney who represents the Client will represent Chase, either directly or indirectly, and that the Firm will take the appropriate steps to

McDonald Hopkins
A business advisory and advocacy law firm®

Mr. Tischler
Frank W. Kerr Company
September 19, 2016
Page 3

create an ethical screen for those attorneys. Similarly, no attorney who represents Chase, either directly or indirectly will represent the Client.

The Client hereby consents to the Firm's representation of the Client against Chase, including litigation, and waives the above referenced conflict of interest.

As the Client is aware, the Firm also represents Client's affiliate Novixus, LLC ("Novixus") and its wholly owned subsidiary BillNat Corporation ("BillNat"). The Firm has also explained to the Client that conflicts may arise between Kerr and/or Novixus and BillNat during the Bankruptcy. The Client should consider whether there is a material risk that, as the Client's counsel, the Firm would be less zealous in pursuing one Client's interests due to the Firm's representation of the other Client(s). The Client should also consider whether there is a material risk that an individual Client's confidences or secrets will be used adversely to it due to the conflict. I firmly believe that no such risk of either type exists, due to the interrelated natures of the Client's, Novixus' and BillNat's businesses, which makes the Restructuring and the Bankruptcy dependent upon each individual Client working to benefit all the Client, Novixus and BillNat as a whole. Client, hereby consents and waives the above referenced conflict of interest.

Additionally, as counsel to the Client, the Firm is entitled to rely upon instructions and take direction of the Client's officers and management without verifying that such actions have been formally approved by the Client's board of directors.

For our records, we request you acknowledge that the foregoing accurately reflects the terms of our engagement by promptly signing the enclosed copy of this letter and returning it to me. We are delighted that you have chosen to trust this matter to us, and we look forward to working with you.

Very truly yours,

Stephen M. Gross

**[Client Acknowledgement on Following Page]**

{6339506:2}

McDonald Hopkins

Mr. Tischler
Frank W. Kerr Company
September 19, 2016
Page 4


Agreed to as of September 19, 2016

**Frank W. Kerr Company**

By: _____

    JEFFREY K. TISCHLER

Its: CHIEF RESTRUCTURING OFFICER

{6339506:2}

McDonald Hopkins
A business advisory and advocacy law firm®

## MCDONALD HOPKINS LLC
### RATE SCHEDULE
#### Effective January 1, 2016

**<u>Range of Current Hourly Rates for Professional Services</u>:**

| | |
|---|---|
| Members | $365 - $750 |
| Of Counsel | $310 - $725 |
| Associates | $210 - $410 |
| Paralegals | $180 - $275 |
| Law Clerks | $ 40 - $150 |

**<u>Current Standard Rates, Fees and Charges</u>:**

| | |
|---|---|
| In-office Photocopying | $0.25 per page |
| In-office Color Photocopying | $0.50 per page |
| Facsimile Transmission | $0.50 per page |
| Auto Mileage | $0.54 per mile |
| Computerized Legal Research: | Actual cost |
| Clerical Overtime | $20.00 per hour |

**The foregoing rates, fees and charges were current as of the date set forth above. They are subject to change without prior notice.**

{5885388:}